UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVIER EVERARDO SAAVEDRA ROCHA,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No.  1:26-cv-04013-DAD-CSK

ORDER CONVERTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER TO A MOTION FOR PRELIMINARY INJUNCTION AND GRANTING THAT MOTION IN PART

(Doc. No. 2)

On May 26, 2026, petitioner Javier Everardo Saavedra Rocha filed a motion for temporary restraining order alleging that he has resided in the United States since 1999, was detained by immigration authorities on May 12, 2026, and has not received a bond hearing.  (Doc. No. 2 at 2–3.)  On May 27, 2026, respondents filed their response to the motion for temporary restraining order.  (Doc. No. 6.)  Therein, respondents argue that even if petitioner is detained pursuant to 8 U.S.C. § 1226(a), the appropriate remedy in this case is an order granting him a bond hearing.  (*Id.* at 1.)

Where the petitioner is detained for the first time and is in detention for months without a bond hearing, immediate release may be an appropriate remedy.  *See Martinez-Bonilla v. Santacruz*, No. 1:26-cv-03334-DAD-JDP, 2026 WL 1346685, at *4 (E.D. Cal. May 14, 2026)

1

(finding that the typical habeas remedy of release was appropriate even though petitioner did have previous contacts with immigration authorities because the government erroneously detained the petitioner pursuant to § 1225(b), the government did not provide a lawful justification for petitioner's mandatory detention, and the petitioner's due process rights were violated due to the delay in providing him a bond hearing such that the provision of a bond hearing was constitutionally insufficient), *report and recommendation adopted Martinez-Bonilla v. Santacruz, et al.*, No. 1:26-cv-03334-DAD-JDP (HC), 2026 WL 1494002 (E.D. Cal. May 28, 2026).  Under the current circumstances of this case, because petitioner has been deprived of a bond hearing for less than a month, and petitioner does not allege that he has been previously detained, the court finds that the appropriate remedy is a bond hearing rather than an order granting immediate release.  *See Rangel v. Noem*, No. 1:26-cv-00084-DAD-CSK, 2026 WL 73996 (E.D. Cal. Jan. 9, 2026).

Because petitioner is likely to succeed on the merits in this regard, the court will convert petitioner's motion for a temporary restraining order to a motion for preliminary injunction and grant in part.

For the reasons set forth above,

1. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby CONVERTED to a motion for preliminary injunction and GRANTED in part as follows:

    a. Respondents are ORDERED to provide petitioner, A-File No. 231-918-925, with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within ten (10) days of the date of entry of this order and to provide at least three (3) days prior notice of that hearing to petitioner and his counsel;

    b. Petitioner's request for immediate release from confinement is DENIED without prejudice;

2. Under the circumstances of this case, petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure; and

2

3.    The petition for writ of habeas corpus (Doc. No. 1) is REFERRED to Magistrate Judge Chi Soo Kim for further proceedings.

IT IS SO ORDERED.

Dated:    **June 5, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE