UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER EVERARDO SAAVEDRA ROCHA (A-231-918-925),<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-04013 DAD-CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Javier Everardo Saavedra Rocha (A-231-918-925), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) Petitioner argues that his detention without a hearing violates the Immigration and Nationality Act ("INA") and his due process rights under the Fifth Amendment. (Id. (claims one through three).) On June 5, 2026, the district court granted petitioner's motion for a preliminary injunction and ordered petitioner be provided an individualized bond hearing. (ECF No. 8.) For the following reasons, this Court recommends that the petition be granted.

///

## I. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II. DISCUSSION[1]

On May 26, 2026, petitioner filed a habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On May 26, 2026, the district court directed respondents to file a response to the motion and substantively address whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders in Ayala Cajina v. Wofford, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025); Perez v. Albarran, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025); Chavarria v. Chestnut, No. 1:25-cv-01755-DAD-AC (E.D. Cal. Dec. 9, 2025); Yang v. Kaiser, No. 2:25-cv-02205-DAD-AC (HC), 2025 WL 2791778 (E.D. Cal. Aug. 20, 2025); Quichimbo-Jimenez v. Warden, California City Correctional Center, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026); Cardenas v. Chestnut, et al., No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026); and J.P.C. v. Chestnut, et al., No. 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026). (ECF No. 4.) On May 27, 2026, respondents filed a response to the petition and an opposition to the motion for

[1] The factual and procedural background previously presented in the district judge's order is incorporated herein. (See ECF No. 8.)

a temporary restraining order. (ECF No. 6.) In the opposition, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225(b) and that this case was from the cases identified by the district court based on petitioner's criminal conduct. (See id.) On May 28, 2026, petitioner filed a reply/traverse. (ECF No. 7.)

On June 5, 2026, the district court converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction and granted the injunction. (ECF No. 8.) The district court ordered petitioner be provided an individualized bond hearing pursuant to 8 U.S.C. § 1226(a), rather than ordering immediate release where petitioner had not previously been detained by immigration authorities and where petitioner was detained for less than a month. (See id.) The district court referred this action to the assigned magistrate judge for further proceedings. (Id.) Where the parties previously submitted briefs on the merits, briefing is completed.

After the petition was fully briefed, the Ninth Circuit decided Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument that § 1225(b) applies to noncitizens like petitioner, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. Therefore, respondents' § 1225(b) argument fails.

Given Rodriguez Vazquez and where merits briefing was completed when the district court ruled on the motion for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that petitioner was subject to § 1226(a), not § 1225(b) as respondents argued (claims one and three), and that respondents violated petitioner's Fifth Amendment due process rights by detaining him without a bond hearing (claim two). See Rodriguez Vazquez, 183 F.4th 1160; ECF No. 8; see Quichimbo-Jimenez, 2026 WL 679378, at *2. Where the district court already ordered petitioner be provided with an individualized bond hearing pursuant to § 1226(a), no further process is due. (See ECF No. 8.)

///

///

## III. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 16, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/saav.4013.26.frs.P5